IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–02432–WYD–KMT

DR. ALLEN FRIEDMAN, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

DOLLARTHRIFTY AUTOMOTIC GROUP, INC., d/b/a DOLLAR RENT A CAR,
DOLLAR RENT A CAR, INC., and
DTG OPERATIONS, INC., d/b/a DOLLAR RENT A CAR,

    Defendants.

---

**STIPULATED ORDER REGARDING EXPEDITED MOTION FOR SANCTIONS AND ENTRY OF PROTECTIVE ORDER**

---

    On March 27, 2013, Defendants Dollar Thrifty Automotive Group, Inc., Dollar Rent A Car, Inc., and DTG Operations, Inc. filed their Expedited Motion for Sanctions and Entry of Protective Order (Dkt #46). Since that time, the parties have filed briefs outlining their respective views of the law and evidence relating to the Motion, and had extensive discussions about the issues. As a result of those efforts, the parties have reached an agreement regarding the issues raised in the Motion, and hereby request entry of an Order with the terms below. For purposes of this Stipulated Order, Dollar refers both to the Dollar entities that are parties to this litigation and to Dollar franchisees:

1. Plaintiffs' counsel agree they will neither initiate new communications nor continue communicating with any current employee or agent of Dollar about the subject matter of this litigation without Dollar's counsel's authorization.

2. By May 29, 2013, Plaintiffs' counsel will produce the names of all employees or agents of Dollar contacted and all written communications with them related to the subject matter of the litigation ("Communications"). Plaintiffs' counsel John Mattes represents that the only Communications he had were to less than 10 LinkedIn account emails, from which he received only one response. A copy of that response will be provided to counsel for Dollar. Dollar's counsel has provided Plaintiffs' counsel assurances no retaliatory action will be taken.

3. Plaintiffs' counsel will provide copies of the Communications and allow counsel for Dollar to review all copies of all documents related to such Communications.

4. Plaintiffs' counsel will, if requested by Dollar's counsel, destroy all documents, evidence or work product related to the Communications. This term is not intended to include public filings or communications between the parties' respective counsel related to the issues in the Motion.

5. Plaintiffs' counsel will not use the Communications or any evidence related to the Communications for any purpose, including but not limited to this action, or to the related case *McKinnon v. Dollar*, Case No. 12-cv-04457-SC (N.D. Cal.).

6. Plaintiffs' counsel will not contact any current employees or agents of Dollar about the subject matter of this litigation without Dollar's counsel's prior authorization, and will comply with any pertinent Bar or ethical rules in any communications that involve former

employees of Dollar.

7. Plaintiffs' counsel will, in any website under their maintenance or control that refers to this litigation and/or the *McKinnon* case or their subject matter, fully identify their role and financial interest and otherwise comply with all pertinent Bar and ethical rules regarding lawyer advertising, communications or solicitation.

8. Plaintiffs' counsel will refrain from publicizing or communicating with the press about the subject matter of this litigation (or the related *McKinnon* case) without fully and clearly identifying counsel's role and financial interest in the litigation.

9. The Parties agree that this stipulated Order will not be used as evidence in this or any other proceeding, and should not be interpreted to constitute an admission of wrongdoing by Plaintiffs' counsel, unless there is a subsequent judicial determination that Plaintiffs' counsel has not fully disclosed the Communications or has violated the terms of this Stipulated Order.

10. The parties agree that this Stipulated Order will not be used as the basis for any request for monetary or other sanctions by Dollar, unless there is a subsequent judicial determination that Plaintiffs' counsel has not fully disclosed the Communications or has violated the terms of this Stipulated Order.

11. The Parties agree that the entry of this Stipulated Order is without prejudice to Dollar's ability to seek sanctions or relief for any future ethical rule violations, or to the parties' ability to enforce the terms of this Stipulated Order.

12.     Counsel for the parties agree to meet and confer before filing any motion with the Court seeking to redress any violation of the terms of this Stipulated Order.

13.     The pending Expedited Motion for Protective Order and for Sanctions (Doc. No. 46) is hereby WITHDRAWN without prejudice as moot.

SO ORDERED this 17th day of May:

_____
Kathleen M. Tafoya
United States Magistrate Judge