IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  12-cv-02432-WYD-KMT

DR. ALLEN FRIEDMAN and
MICHAEL J. NELLIS, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., d/b/a DOLLAR RENT A CAR;
DOLLAR RENT A CAR, INC.; and
DTG OPERATIONS, INC. d/b/a/ DOLLAR RENT A CAR,

      Defendants.

---

**ORDER**

---

THIS MATTER is before the Court in connection with Plaintiff-Intervenors' Motion for Leave to File Third Amended Complaint for Purposes of Permitting Intervention (ECF No. 165) and the Brief in Support Thereof (ECF No. 165-1) filed on February 17, 2015.  The motion, filed by proposed Plaintiffs-Intervenors Paul R. Peavey and Wendy Repovich, seeks leave to file a Third Amended Complaint for purposes of permitting their intervention as Plaintiffs and to be additional class representatives in the case. Defendants' Response filed on March 18, 2015, states that they do not object to the intervention of the new Plaintiffs for purposes of supporting Plaintiffs' Revised Motion For Class Certification.  I note that the Revised Motion for Class Certification, which Defendants do object to, is set for a hearing on Thursday, April 23, 2015.

I find that Plaintiff-Intervenors' Motion for Leave to File Third Amended Complaint for Purposes of Permitting Intervention should be granted.  The Tenth Circuit has established that an applicant may intervene as of right under Fed. R. Civ. P. 24(a)(2) if he or she meets a four prong test: "(1) the application is 'timely'; (2) 'the applicant claims an interest in the property or transaction which is the subject of the action'; (3) the applicant's interest 'may as a practical matter' be 'impair[ed] or impede[d]'; and (4) 'the applicant's interest is [not] adequately represented by existing parties.'"  *Coalition of Arizona/New Mexico Counties v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996) (quoting Rule 24(a)(2).  I find that these requirements are satisfied in connection with the motion at issue.

First, I find that the motion at issue is timely.  *See Beer v. XTO Energy, Inc.*, No. CIV-07-798-L, 2010 WL 2773311, at *5 (W.D. Okla. July 13, 2010) (noting that timeliness of the applicant's motion to intervene was not an issue because "there was no need to file a motion to intervene until the court found the class representatives were not adequate; Intervenors filed their motion within a short time thereafter").  Further, both Plaintiff-Intervenors have shown that they have an interest in the property or transaction that is related to the subject matter of this litigation.  Finally, the proposed Plaintiff-Intervenors are members of the narrowed class that Plaintiffs now seek to certify, and have shown that the disposition of this case may impair or impede their ability to subsequently protect their interests as persons subjected to Dollar's illegal conduct as alleged in the First Cause of Action in the Second Amended Complaint and the proposed Third Amended Complaint.  The motion notes in that regard that in its

-2-

January 27, 2015, Order denying without prejudice Plaintiff's original Motion for Class

Certification, the Court found the claims of Plaintiffs Friedman and Nellis were not

typical of the proposed class.  Based on this ruling, Plaintiff-Intervenors' motion asserts,

and I agree, that no other present parties will adequately represent the interests of

Plaintiff-Intervenors in this action.

Finally, I find that leave to amend the complaint should be granted under Fed. R.

Civ. P. 15(a)(2).  Granting leave to amend is within the discretion of the court, and

"'leave shall be freely given when justice so requires.'"  *Minter v. Prime Equip. Co.*, 451

F.3d 1196, 1204 (10th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  The Tenth Circuit has

indicated that "[t]he purpose of the Rule is to provide litigants 'the maximum opportunity

for each claim to be decided on its merits rather than on procedural niceties.'"  *Id.*

(quotation omitted).

Here, Plaintiff-Intervenors seek leave to file a Third Amended Complaint simply

to allow them to intervene and be new class representatives.  The request is timely as it

is being filed at the first opportunity following the Court's January 27, 2015, Order

identifying problems with the claims of Plaintiffs Friedman and Nellis.  Moreover, I find

that no prejudice will result to Defendants by granting the motion as it unopposed,

discovery in this case is still ongoing, and the Third Amended Complaint adds no new

theories or causes of action.

Based on the foregoing, it is

ORDERED that Plaintiff-Intervenors' Motion for Leave to File Third Amended

Complaint for Purposes of Permitting Intervention (ECF No. 165) is **GRANTED**.  It is

FURTHER ORDERED that the Third Amended Complaint shall be filed with the

Court by **Tuesday, April 14, 2015**.

Dated:  April 8, 2015

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge