IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  12-cv-02432-WYD-KMT

DR. ALLEN FRIEDMAN and
MICHAEL J. NELLIS, individually and on
behalf of all others similarly situated,

PAUL R. PEAVY,
and WENDY REPOVICH,

       Plaintiff-Intervenors,

v.

DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., d/b/a DOLLAR RENT A CAR;
DOLLAR RENT A CAR, INC.; and
DTG OPERATIONS, INC. d/b/a/ DOLLAR RENT A CAR,

       Defendants.

---

## ORDER

---

I.    <u>INTRODUCTION</u>

This matter is before the Court in connection with Defendants' ["Dollar"] Motion

for Reconsideration Regarding Class Certification filed May 7, 2015, and Dollar's Motion

for Judgment on the Pleadings and Motion to Strike with Respect to Plaintiffs' Fourth

Amended Complaint filed May 21, 2015.  The Fourth Amended Complaint submitted on

May 8, 2015, was filed per my order from the hearing of April 23, 2015 hearing where I

granted Plaintiffs' Revised Motion for Class Certification as to the Colorado Consumer

Protection Act ["CCPA"] claim and ordered that a Fourth Amended

Complaint be filed reflecting the new developments in the case.  (*See* April 23, 2015

Courtroom Minutes, ECF No. 200.)

Also at issue is Plaintiffs' submission of a proposed order granting their Revised

Motion for Class Certification, and Defendants' objections to the proposed order.  The

proposed order was submitted per my Minute Entry of April 23, 2015, reflecting my

rulings from the hearing on that date.  By Minute Order of May 5, 2015, I clarified that

the April 23, 2015 Minute Entry did not constitute a definitive order granting the motion

for class certification as contemplated under Fed. R. Civ. P. 23(f).  Instead, I stated that

a separate order would be issued after the parties met and conferred as to a proposed

order and Plaintiffs submitted their proposed order to the Court.

II.     ANALYSIS

        A.      Dollar's Motion for Reconsideration Regarding Class Certification

        Dollar argues that I erred in the rulings announced at the April 23, 2015 hearing

because I adopted Plaintiffs' erroneous interpretation of the CCPA that the loss-

damage-waiver ["LDW"] provisions operate on a strict liability or "per se" basis and do

not require proof of causation or injury.[1]  It further argues that every private CCPA claim

is subject to the statutory requirements under Colo. Rev. Stat. § 6-1-113(1), which

include causation and injury in fact, and that there are no strict liability or "per se"

actions under § 113(1).  Further, Dollar contends that Plaintiffs cannot establish

---

[1] Dollar asserts that the Court did not have full briefing on this issue because Plaintiffs did not argue until their reply brief that the LDW provisions should be interpreted differently than more commonly invoked provisions of the CCPA.  (*See* Reply Br. in Supp. of the Revised Mot. for Class Certification, ECF No. 180, at 16-17.)

causation and injury on a class-wide basis because of the highly individualized nature of each transaction, as already found in my January 27, 2015 Order that denied without prejudice Plaintiffs' initial Motion for Class Certification.  (ECF No. 160.)  Plaintiffs' argument that the "prohibited acts" LDW provision, Colo. Rev. Stat. § 6-1-202, relieves them of the statute's separate causation and injury requirements is, according to Dollar, incorrect.  Dollar asserts that § 202 is not enforceable by private litigants and does not change the requirements of § 113(1).  Finally, Dollar argues that class certification is not appropriate because under Colo. Rev. Stat. § 6-1-113(2), money damages are not available in a CCPA class action.  This purportedly destroys any rationale for a Rule 23(b)(3) class.

Turning to my analysis, I first address the timing of the motion for reconsideration and whether it is appropriate at this stage.  As noted previously, while I indicated at the hearing on April 23, 2015 and in the Minute Entry reflecting that hearing that I was granting Plaintiffs' Revised Motion for Class Certification as to the CCPA claim, I have not actually issued an order reflecting this as required by Fed. R. Civ. P. 23(c). Nevertheless, I find that Dollar's motion for reconsideration is appropriate at this juncture based on my ruling granting the revised class certification motion.  Addressing Dollar's arguments for reconsideration at this juncture makes more sense than addressing the same arguments after spending time and judicial resources in preparing the definitive order on the class certification motion.

I construe my grant of Plaintiffs' revised class certification motion in Court at the hearing and in the Minute Entry of April 23, 2015, as an interlocutory order which "is

subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003).  Indeed, "'every order short of a final decree is subject to reopening at the discretion of the district judge.'" *Elephant Butte Ir. Dist. of New Mexico v. U.S. Dep't of Interior*, 538 F.3d 1299, 1306 (10th Cir. 2008) (quotation omitted); *see also Been v. O.K. Industries, Inc.*, 459 F.3d 1217, 1225 (10th Cir. 2007) ("district courts generally remain free to consider their earlier interlocutory orders").

 In deciding a motion to reconsider an interlocutory order, the court is not bound by the stricter standards for considering a Rule 59(e) or 60(b) motion.  *Trujillo v. Bd. of Educ. of Albuquerque Pub. Sch.*, 212 F. App'x 760, 765 (10th Cir. 2007).  Instead, a court has "plenary power to revisit and amend interlocutory orders as justice requires." *Spring Creek Exploration & Prod. Co. v. Hess Bakken*, No. 14-cv-00134-PAB-KMT, 2015 WL 3542699, at *2 (D. Colo. June 5, 2015); *see also Houston Fearless Corp. v. Teter*, 313 F.2d 91, 93 (10th Cir. 1962)).  However, as noted by Judge Brimmer in the *Spring Creek* case, "in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders."  2015 WL 3542699, at *2 (citing cases). "Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error."  *Id.*

 I first address the argument that I find most persuasive— that a class action for damages under the CCPA is barred.  This argument is also made in Dollar's Motion for

Judgment on the Pleadings.  I note that while Dollar raised this argument briefly in its

Memorandum in Opposition to Revised Motion to Certify Class (ECF No. 175 at 30), it

did not focus on this argument either in its opposition brief or at the hearing as a basis

to actually defeat class certification.  I, therefore, did not have the benefit of the

arguments and legal analysis that are set forth in the most recent filings.  Moreover,

since Dollar has now better explained how this argument impacts the ruling on class

certification, and may render it erroneous, I find it appropriate to decide the issue at this

stage of the proceedings.

Colo. Rev. Stat. § 6-1-113(1) provides in pertinent part that "[t]he provisions of

this article shall be available in a civil action for any claim against any person who has

engaged in or caused another to engage in any deceptive trade practice listed in this

article."  Section 6-1-113(2) states the remedies available in a private civil action:

> (2) **Except in a class action** or a case brought for a violation of section 6-
> 1-709, any person who, in a private civil action, is found to have engaged
> in or caused another to engage in any deceptive trade practice listed in
> this article shall be liable in an amount equal to the sum of:
>
> (a) The greater of:
>
> (I) The amount of actual damages sustained; or
>
> (II) Five hundred dollars; or
>
> (III) Three times the amount of actual damages sustained, if it is established by
> clear and convincing evidence that such person engaged in bad faith conduct;
> plus
>
> (b) In the case of any successful action to enforce said liability, the costs of the
> action together with reasonable attorney fees as determined by the court.

*Id.* (emphasis added).

Turning to my analysis of the statute, the court's "'primary task in interpreting statutes'" is "'to determine congressional intent, using traditional tools of statutory construction.'" *Russell v. United States*, 551 F.3d 1174, 1178 (10th Cir. 2008) (quotation omitted).  In ascertaining such intent, the court begins "'by examining the statute's plain language,' and '[i]f the statutory language is clear'", the court's analysis ordinarily ends.  *Id.* (quotation omitted).  Here, the plain language of the statute appears to preclude monetary damages and treble damages in class actions under the CCPA brought in a private civil action such as this one.[2]

This finding is consistent with Judge Krieger's decision in *Martinez v. Nash Finch Co.*, 886 F. Supp. 2d 1212, 1218-19 (D. Colo. 2012), which I find persuasive.  In *Martinez*, the plaintiffs argued that while § 6-1-113(2) operated to exclude statutory and treble damages and attorney fees in class actions, actual damages remained available. They relied on *Robinson v. Lynmar Racquet Club, Inc.*, 851 P.2d 274, 278 (Colo. App. 1993).  Plaintiffs make the same argument here as to actual damages, arguing that "statutory damages" are precluded in class actions but "actual damages" are not.

Judge Krieger rejected the plaintiffs' argument, stating that they "offer[ed] no tenable argument by which the Court can conclude that statutory damages or treble damages under subsection (2)(a)(II) and (III) are somehow subject to the exclusionary

---

[2] I find that the term "article" as used in §§ 6-1-101 and 113 refers to the CCPA in its entirety, Colo. Rev. Stat. § 6-1-101, *et seq.*, not just Part I of the CCPA as Plaintiffs appear to argue.  If the General Assembly intended it to apply only to Part I, it could have used that terminology.  My finding is also supported by § 6-1-113(2), which excepts from the class action exclusion a claim under § 6-1-709.  If the  reference to "this article" in § 6-1-113 applied only to claims under Part I of the CCPA, there would be no need to except § 6-1-709, which is found in Part 7 of the CCPA.

language, but that actual damages under subsection (2)(a)(I) are not." *Martinez*, 886

F. Supp. 2d at 1218.  She found that "[t]he plain and unambiguous language of the

statute compels the conclusion that *all* of the remedies in subparts (a)(I)-(III) and (b),

including actual damages, are not available to classes." *Id.* (emphasis in original).

Judge Krieger was "unpersuaded that *Robinson* stands for the proposition that a class

of plaintiffs can obtain an award of actual damages under § 6-1-113." *Id.* at 1219.

Indeed, she found that "the question of whether class members could recover actual

damages was not a question before [that] court." *Id.*

Judge Krieger noted that the parties focused their arguments on the type of

remedy provided in the statute.  She found, however

> that the language of § 6-1-113(2) is not limited to the articulation of
> remedies; indeed, it defines a defendant's liability under the CCPA in a
> private action. It limits such liability to specified remedies, and expressly
> states that such remedies are not applicable in class actions. By logical
> extension, the CCPA creates no statutory liability for a defendant in a
> private class action.

*Id.*

I agree with and adopt Judge Krieger's analysis in *Martinez*, which was affirmed

by her in a later order adopting a recommendation to deny class certification.  *See

Martinez v. Nash Finch Co.*, No. 11-cv-02092, 2013 WL 1313899, at *3 (D. Colo. March

29, 2013).  I find this is consistent with the legal premise that where a plaintiff's claim is

"based entirely on [a] legislative enactment", as here, a court may only award remedies

authorized by the statute.  *Silverstein v. Sisters of Charity*, 559 P.2d 716, 719 (Colo.

App. 1976).  A California federal district court recently also adopted Judge Krieger's

analysis and rejected a CCPA class action claim seeking damages.  *Tasion Comms., Inc. v. Ubiquiti Networks, Inc.*, No. C-13-1803 EMC, 2014 WL 1048710, at *10 (N.D. Cal. March 14, 2014).  A Colorado state trial court likewise recently rejected a CCPA class claim on the pleadings, for many of the same reasons expressed by Judge Krieger.  *Sweet v. Colorado Rockies Baseball Club, Ltd.,* No. 2013-cv-34445, at 4-5 (Colo. Dist. Ct., May 29, 2014) (Ex. A to Mot. for J. on Pleadings).

Plaintiffs argue, however, that construing § 6-1-113(2) in the manner advanced by Dollar and adopted by Judge Krieger would be contrary to the spirit and intent of the General Assembly in enacting the legislation and would lead to an absurd result.  They assert that the "prompt, economical, and readily available remedies against consumer fraud" that the CCPA provides, *Rhino Linings USA Inc. v. Rocky Mountain Rhino Lining Inc.*, 62 P.3d 142, 146 (2003), would not exist under Dollar's interpretation of the statute.  Thus, Plaintiffs assert that there would be no deterrent effect of the broad remedial provisions of the CCPA if a company knew it had little to no chance of being held liable for significant monetary relief.  Such an outcome would, according to Plaintiffs, not "control various deceptive trade practices in dealing with the public" or "enforce an important public policy" and thus would be inconsistent with the express purposes of the CCPA.  *People ex rel Dunbar v. Gym of Am., Inc.*, 493 P.2d 660, 665 (Colo.1972).  I reject this argument on several grounds.

First, I agree with Dollar that the goal of consumer protection does not override the General Assembly's clear choice about how the CCPA is to be enforced.  *Idaho Pact. Lumber Co., Inc. v. Celestial Land Co.*, 348 P.3d 950, 954 (Colo. App. 2013)

("where the plain language is clear and unambiguous," court "must apply the statute as written, without second-guessing the legislature's policy judgments").  Moreover, Plaintiffs have not shown that the General Assembly saw private class actions for monetary damages as integral to the CCPA's purposes.  The statute does not mention class actions, except to exclude them from the only private remedies provision.  Colo. Rev. Stat. § 6-1-113(2).

Moreover, as Dollar notes, the CCPA was based on a model statute—the Revised Uniform Deceptive Trade Practice Act—which did not provide for private damages.  *Hall v. Walter*, 969 P.2d 224, 232 (Colo. 1998).  The General Assembly enlarged the relief available under the CCPA by adding a private damages provisions for individual actions, and provided incentives for pursuing such actions by providing for statutory penalties, treble damages, and attorneys' fees.  Colo. Rev. Stat. § 6-1-113(2).  Further, it authorized the attorney general and district attorneys to enforce the CCPA with injunctive relief, civil penalties, and even criminal penalties without regard to the private remedy provision.  *Id.* §§ 6-1-110, 112, 114.  Plaintiffs may not agree with the General Assembly's choices on how the CCPA would be enforced, but those choices are rational and plainly laid out in the statutory text.

As Judge Krieger noted, "the critical operative language of § 6–1–113(2) may be its reference to a private action."  *Martinez*, 886 F. Supp. 2d at 1219 n. 6.  By contrast, a regulatory action can be initiated by the attorney general or district attorney for violations of the CCPA in accordance with § 6-1-110.  *Id.*  A regulatory action "is brought on the behalf of the public" and civil penalties are available under § 6-1-112 and payable

to the general fund.  *Id.*  Judge Krieger stated, and I agree, that "[r]eading such sections

together with § 6–1–113(2), it would appear that the Colorado Assembly intended that

the interests of plaintiff classes would be protected by the attorney general or district

attorney, rather than through private action."  *Id.*  Plaintiffs have not cited any authority

to the contrary.

Plaintiffs also rely on a non-Colorado decision, *In re Onstar Contract Litig.*, 600 F.

Supp. 2d 861 (E.D. Mich. 2009).  There, the defendants moved to dismiss the class

claim under the CCPA on the grounds the court would not be able to award actual

damages to class members.  In rejecting this argument, the court found, based on the

language of the statute, that while class members could not obtain treble or statutory

damages under § 6-1-113(a) of the CCPA, they could recover actual damages.  The

*Onstar* court cited in support of its decision the Colorado Court of Appeal's decision in

*Robinson.*

What Plaintiffs fail to acknowledge, however, is that the *Robinson* case relied on

by *Onstar* was decided under a previous version of § 6-1-113(2) which precluded only

treble damages, costs and attorney fees.  Actual damages were not excluded.  (*See*

Historical and Statutory Notes to Colo. Rev. Stat. § 6-1-113, explaining the previous

iterations of the statute).  Moreover, I disagree with the *Onstar* court's reasoning.  It

stated that "[h]ad the Colorado legislature intended to preclude class actions for

monetary damages, it could have done so" but did not.  600 F. Supp. 2d at 874.  It

found that it restricted its provision for statutory damages, not actual damages.  *Id.*  I

disagree, finding that the legislature expressly did preclude "actual damages". Colo. Rev. Stat. § 6-1-113(2)(I).[3]

Finally, Plaintiffs rely on the Colorado Supreme Court's decision in *Garcia v. Medved Chevrolet, Inc.*, 263 P.3d 92 (Colo. 2011), as support for their interpretation of § 6-1-113(2). They argue that *Garcia* included a discussion about proof of damages on a class-wide basis in a CCPA action, and that if the Colorado Supreme Court believed that damages were not available on a class-wide basis under the CCPA, this discussion would not have been relevant. Similarly, Plaintiffs cite in their Brief in Opposition to Defendants' Motion for Judgment on the Pleadings to other cases where class certification was sought under the CCPA. Plaintiffs assert that on no less than eight separate occasions, Colorado state appellate courts have issued opinions discussing the CCPA in the context of class actions. They note that not a single case has held that the CCPA bars class actions seeking any form of monetary relief, even though the availability of such relief on a class-wide basis was relevant to the issues presented.

I find that *Garcia* and the other cases cited by Plaintiffs are not persuasive or binding. First, as Dollar notes, none of these courts endorsed Plaintiffs' reading of § 6-1-113(2) and none affirmed an award of damages to a CCPA-only class. Second, I agree with Judge Krieger's analysis in response to a similar argument:

> The mere fact that there are cases that simply mention—without purporting to discuss or analyze—CCPA claims that have been brought in a class action does nothing to defeat the clear statutory language. It is axiomatic that case law is only persuasive to the extent that the court is considering and deciding

---

[3] The court also ultimately rejected class certification under the CCPA and thus did not award any class damages. *In re Onstar Contract Litig.*, 278 F.R.D. 352 (E.D. Mich. 2011).

> specific arguments presented to it, and it is undisputed that the new cases the Plaintiffs' cite do not purport to consider the question of whether monetary damages are available to a class under the CCPA. (Moreover, the Court notes that the fact that monetary relief is not available to a class under the CCPA does not mean that a class can *never* pursue a CCPA claim; other types of relief, such as declaratory or injunctive relief, are arguably available even to classes under the CCPA).

*Martinez*, 2013 WL 1313899, at *3.

Based on the foregoing, I find that Dollar's motion for reconsideration must be granted as to the argument that monetary damages are barred in class actions under the CCPA.  Plaintiffs' Revised Motion for Class Certification appears to rely solely on monetary relief under Fed. R. Civ. P. 23(b)(3) as a basis for certification.  It does not cite to or rely on Rule 23(b)(2), which provides for certification where injunctive or declaratory relief is appropriate respecting the class as a whole.  Since the class relief is premised on obtaining monetary damages which are barred in class actions, I agree with Dollar that a class action is not superior to other available methods of adjudication. Fed. R. Civ. P. 23(b)(3).  I thus grant the motion to reconsider my previous decision on the Revised Motion for Class Certification, and now find that the motion should be denied.[4]  I also deny for the reasons expressed in my Order of January 27, 2015, Plaintiffs' argument that I could alternatively certify a class on the unjust enrichment and breach of contract claims.

Finally, I reject Plaintiffs' argument in their Brief in Opposition to Defendants' Motion for Judgment on the Pleadings that the effect of such a ruling would be to

---

[4] Since I have now denied class certification, I need not address Dollar's other arguments in the motion for reconsideration.

-12-

destroy the claims of the class post-certification without giving Class members the required notice, in violation of *Hansberry v. Lee*, 311 U.S. 32, 41 (1940).  Even though I ruled previously that I was granting the Revised Motion for Class Certification, I have not yet issued the order granting class certification as required under Fed. R. Civ. P. 23(c).  The class has thus not yet actually been certified.  Notification to the class of certification is only contemplated after entry of such order.  Since the class has not yet actually been certified or notified of class certification, I find that there is no notice requirement as to this ruling.  *See Abels v. JBC Legal Group, P.C.*, No. C 04-02345 JW, 2008 WL 782527, at *1 (N.D. Cal. March 21, 2008) (granting voluntary dismissal after class certification but before class notice: "Since notice to the class was never issued, Plaintiff never completed the class certification requirements of Rule 23(c)(2)."); *see also Schwarzschild v. Tse*, 69 F.3d 293, 297 (9th Cir. 2005) (holding that a district court may grant summary judgment even though the class has not yet been notified, but "in such cases the district court's decision binds only the named plaintiffs," not the entire class).

B.   <u>Dollar's Motion for Judgment on the Pleadings and Motion to Strike with Respect to Plaintiffs' Fourth Amended Complaint</u>

While Plaintiffs argue that I should not consider the merits of this motion based on its tactical delay in raising the issues in the motion and other alleged procedural infirmities, I reject this argument.  While I acknowledge that many of the arguments either could have been made earlier and/or were already raised and rejected, I will consider the merits of the motion given the fact that it responds to the merits of the

recently filed Fourth Amended Complaint.  *See Albers v. Bd. of Cnty. Comm'nrs*, 771 F.3d 697, 702-04 (10th Cir. 2014) (Rule 12(h)(2) permits a party to raise a defense by way of a Rule 12(c) motion even if the party did not "raise [the same] argument in its [f]irst [m]otion to [d]ismiss).

Turning to my analysis, a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). Thus, a court should determine whether a plaintiff has stated enough facts in the pleadings to raise a plausible claim for relief.  *Aberkains v. Blake*, 633 F. Supp. 2d 1231, 1233 (D. Colo. 2009).  "[A]ll the well-pleaded allegations of the complaint are accepted as true and construed in the light most favorable to the plaintiff."  *Aspenwood Inv. Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004).

As noted previously, Dollar's motion seeks judgment on the pleadings with respect to the CCPA claim on the basis that a class action for damages under the CCPA is barred pursuant to Colo. Rev. Stat. § 6-1-113(2).  I found in Section II.A., *supra*, that a class action seeking monetary damages is barred under the CCPA, and that a class action was thus not the superior method of adjudication of this case.  I thus reconsidered my previous decision granting the Revised Motion for Class Certification, and found that the motion should now be denied.  Based on this ruling, I find that Dollar's Motion for Judgment on the Pleadings should be granted in part and denied in part.  It is granted to the extent I find that a class action seeking monetary damages is not appropriate under the CCPA.  It is denied, however, to the extent it seeks judgment

on the pleadings as this is not appropriate regarding the individual Plaintiffs.  The statute clearly contemplates that the named Plaintiffs pursue monetary damages under the CCPA.  Also, since I have now denied Plaintiffs' Revised Motion for Class Certification, I deny as moot Dollar's argument that the class period is subject to the statute of limitations.

Dollar also argues, however, that Plaintiffs' allegations are inconsistent with CCPA causation that requires a plaintiff to establish an injury-in-fact that was caused by a deceptive trade practice listed in the statute.  Dollar asserts that Plaintiffs' core theory is that Dollar violated Section 203 of the CCPA by making certain written disclosures in the "rental jacket" provided to customers with their printed materials, rather than earlier in the transaction.  No Plaintiff, however, has alleged that he or she was misled into purchasing LDW because of the location, timing, or format of Dollar's Section 203 disclosure.  Rather, Dollar states that each Plaintiff alleges that he or she expressly declined to purchase LDW but was charged for it.  Dollar thus asserts that there is no causal link between that allegation and any violation of Section 203 or any of the CCPA's other substantive provisions concerning LDW.  I reject this argument.

First, Plaintiffs have alleged facts establishing causation and injury under the CCPA.  (Fourth Am. Compl., ¶¶ 29-31, 34-43, 47, 58-62.)  Dollar does not challenge these specific allegations.  Second, this argument has been raised previously and rejected by me.  Indeed, this issue was addressed by both the parties and the Court during the oral argument on the class certification motion.  I found at that time, and continue to find, that the argument is without merit.

Turning to my analysis, while I agree with Dollar that an injury must be proven to sustain a claim under the CCPA, Colo. Rev. Stat. § 6-1-113(1)(a) & (c), I do not agree that injury is lacking in this case. Section 203 of the CCPA requires advance written disclosures by a rental car company in the form articulated in the statute, and states that "[t]he failure by a lessor to comply with any provision of this section is a deceptive trade practice under the provisions of this article." § 6-1-203(2). The material act that gives rise to a claim is the failure to make the disclosures. Injury occurs when Dollar collects money for LDW from a customer despite having made the appropriate disclosure. It is irrelevant whether Plaintiffs allege that they were misled because of the disclosure or lack thereof—the key is that they did not receive the required disclosure.

Finally, Dollar argues that Plaintiffs failed to revise their Fourth Amended Complaint as the Court ordered. It notes that the pleading purports to allege a far broader class and case than contemplated by this Court in its prior rulings. This is not proper practice according to Dollar. And I note that class certification has now been denied as to all claims. Dollar asserts that if the Court does not reject Plaintiffs' pleading in full, it should strike all extraneous allegations pursuant to Fed. R. Civ. P. 12(f). Plaintiffs assert in response that the complaint contains claims and definitions of the Class that the Court rejected or previously dismissed solely for the purpose of preserving appellate rights.

I find that Defendant's motion should be granted as to this issue. First, the Tenth Circuit has stated that parties are not required "to replead claims previously dismissed on their merits in order to preserve those claims." *David v. TXO Prod. Corp.*, 929 F.2d

1515, 1518 (10th Cir. 1991).  Thus, "inclusion of . . . claims already dismissed by the

Court is unnecessary and inserts futile claims back into the complaint." *Southcrest,*

*L.L.C. v. Bovis Lend Lease, Inc.*, No. 10-CV-0362-CVE-FHM, 2011 WL 1793388, at *6

(N.D. Okla. May 11, 2011).  Further, under the "law of the case" doctrine, "parties

cannot simply reincorporate allegations made in their previous complaint that have

already been dismissed." *Tavake v. Alameda Cnty. Bd. of Supervisors*, No. C 05-7744

PJH, 2005 WL 2290308, *2 (N.D. Cal. Sept. 20, 2005).  Thus, I find that the inclusion in

the Fourth Amended Complaint of claims that have previously been dismissed is

improper, and that these claims should be stricken.

I also find that the class allegations in the Fourth Amended Complaint should be

removed based on my ruling in this Order denying class certification.  A court may

"'require that pleadings be amended to eliminate class actions,' in cases where 'a suit

must proceed as a nonclass, individual action.'" *Artis v. Yellen*, ___ F. Supp. 3d ___,

2015 WL 3826818, at *3 (D.D.C. June 22, 2015) (quoting *Eisen v. Carlisle & Jacquelin*,

417 U.S. 156, 183 n. 6 (1974)).  This is also authorized by Fed. R. Civ. P. 23(d)(1)(D),

which provides that a court may "require that the pleadings be amended to eliminate

allegations about representation of absent persons and that the action proceed

accordingly.  Id.  The purpose of Rule 23(d)(1)(D) "is to allow a  district court to 'clean

up' the pleadings if class certification is denied." *Bank v. Am. Home Shield Corp.*, No.

10-CV-4014, 2013 WL 789203, at *3 (E.D.N.Y. March 4, 2013).

Based on the foregoing, I grant in part and deny in part Dollar's Motion for

Judgment on the Pleadings and Motion to Strike with Respect to Plaintiffs' Fourth

Amended Complaint.  The motion is granted to the extent it argues that a class action is

not appropriate under the CCPA.  It is also granted to the extent it seeks to strike/

remove the class allegations and the claims that have previously been dismissed  from

the Fourth Amended Complaint.  Plaintiffs shall file a Fifth Amended Complaint within

twenty (20) days of this Order that removes the class allegations and dismissed claims

in their entirety.  Dollar's motion is denied, however, to the extent it seeks judgment on

the pleadings of the individual CCPA claims and as to all other arguments.

III.    <u>CONCLUSION</u>

In conclusion, it is

ORDERED that Defendants' Motion for Reconsideration Regarding Class

Certification filed May 7, 2015 (ECF No. 205) is **GRANTED.**  Accordingly, it is

FURTHER ORDERED that while I previously granted Plaintiffs' and Intervenor-

Plaintiffs' Motion for Class Certification filed February 17, 2015 (ECF No. 166), that

motion is now **DENIED**.  It is

FURTHER ORDERED that Defendants' Motion for Judgment on the Pleadings

and Motion to Strike with Respect to Plaintiffs' Fourth Amended Complaint filed May 21,

2015 (ECF No. 212) is **GRANTED IN PART AND DENIED IN PART** as set forth in this

Order.  Finally, it is

ORDERED that Plaintiffs shall file a Fifth Amended Complaint within **twenty (20)**

**days** of this Order, or by **Tuesday, July 21, 2015**, that removes the class allegations

and the claims that have previously been dismissed.

Dated:  July 1, 2015

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge