IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  12-cv-02432-WYD-KMT

DR. ALLEN FRIEDMAN and
MICHAEL J. NELLIS, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., d/b/a DOLLAR RENT A CAR;
DOLLAR RENT A CAR, INC.; and
DTG OPERATIONS, INC. d/b/a/ DOLLAR RENT A CAR,

    Defendants.

## ORDER

THIS MATTER is before the Court on Plaintiffs' Expedited Motion to Stay Enforcement of July 1, 2015 Order, or, in the Alternative, for Continuation of Deadline to File Fifth Amended Complaint filed July 14, 2015.  Plaintiffs request that I stay implementation of the July 1, 2015 Order granting Defendants' Motion for Reconsideration Regarding Class Certification and denying Plaintiffs' Motion for Class Certification pending a ruling on Plaintiffs' motions related to that Order.  In the alternative, Plaintiffs request that the Court extend the time for filing the Fifth Amended Complaint to 14 days after the Court rules on Plaintiffs' motions.  A response in opposition to the motion was filed by Defendants on July 16, 2015.

I deny Plaintiffs' motion.  This case has been pending since 2012 and needs to move forward.  Staying the Order of July 1, 2015 or granting the extension of time

requested by Plaintiffs would further delay resolution of the case and result in the deadlines in the new scheduling deadlines entered by Magistrate Judge Tafoya on June 16, 2015, being unworkable.  Indeed, if Plaintiffs' motions were granted to either certify questions to the Colorado Supreme Court or to allow for an interlocutory appeal, this could take months to resolve with no operative complaint being in place.

Further, I agree with Defendants that Plaintiff has identified no valid basis for such an extraordinary stay.  While Plaintiffs assert that there could be "thorny questions" about the statute of limitations for purported class members if the Court later reverses course and allows Plaintiffs to re-plead class action claims (Pls.' Mot. at 4), they fail to show there would be any actual legal difficulties.  They also fail to provide a compelling basis for the court to justify a stay of the filing deadline for the amended complaint.

Finally, as pointed out by Defendants, if Plaintiffs truly believe that the Court's July 1, 2015 Order raises unusually complex and important issues, they have a vehicle for prompt review—a petition under Fed. R. Civ. P. 23(f) for "an appeal from an order granting or denying class-action certification."  Upon filing such a petition, Plaintiffs could seek a stay of this case either from this Court or the Tenth Circuit.

Accordingly, it is

ORDERED that Plaintiffs' Expedited Motion to Stay Enforcement of July 1, 2015 Order, or, in the Alternative, for Continuation of Deadline to File Fifth Amended Complaint (ECF No. 223) is **DENIED**.

Dated: July 21, 2015

          BY THE COURT:

          s/ Wiley Y. Daniel
          Wiley Y. Daniel
          Senior United States District Judge