IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  12-cv-02432-WYD-KMT

DR. ALLEN FRIEDMAN and
MICHAEL J. NELLIS, individually and on
behalf of all others similarly situated,

PAUL R. PEAVY,
and WENDY REPOVICH,

    Plaintiff-Intervenors,

v.

DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., d/b/a DOLLAR RENT A CAR;
DOLLAR RENT A CAR, INC.; and
DTG OPERATIONS, INC. d/b/a/ DOLLAR RENT A CAR,

    Defendants.

**ORDER**

I.    INTRODUCTION

This matter is before the Court in connection with three pending motions filed on July 15, 2015:  (1) Plaintiffs' Motion for Reconsideration or to Alter or Amend Court's July 1, 2015 Order Vacating Class Certification and on Motion for Judgment on the Pleadings; (2) Plaintiffs' Motion to Amend July 1, 2015 Order to Permit Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b); and (3) Plaintiffs' Motion for Certification of a Question of Law to the Colorado Supreme Court.  All three of these motions relate to my Order of July 1, 2015, which granted Defendants' Motion for Reconsideration Regarding Class Certification, denied Plaintiffs' and Intervenor-

Plaintiffs' Motion for Class Certification, and granted in part and denied in part Defendants' Motion for Judgment on the Pleadings and Motion to Strike with Respect to Plaintiffs' Fourth Amended Complaint.

More specifically, in my Order of July 1, 2015, I granted Defendants' motion to reconsider my previous decision that granted Plaintiffs' Revised Motion for Class Certification, and found that Plaintiffs' motion should now be denied. I found that Plaintiffs' class action for damages under the Colorado Consumer Protection Act ["CCPA"] was barred under the plain language of Colo. Rev. Stat. § 6-1-113. I also denied Plaintiffs' alternative attempt to certify a class on the unjust enrichment and breach of contract claims. Defendants' Motion for Judgment on the Pleadings was granted to the extent it sought judgment on the class action claim for damages and denied as to the individual claims. Plaintiffs were ordered to file a Fifth Amended Complaint that removed the class allegations and dismissed claims, which was filed on July 21, 2015.

Plaintiffs now seek reconsideration of my July 1, 2015 Order denying their motion for class certification. Alternatively, they seek an amendment of that Order to include language pursuant to 28 U.S.C. § 1292(b) that would allow for an interlocutory appeal. Finally, Plaintiffs ask that the Court certify the question of whether Colo. Rev. Stat. § 6-1-113(2) can be interpreted to bar bringing, maintaining or certifying claims for relief brought on behalf of similarly situated putative class members for violations of the "prohibited acts" provisions of the CCPA to the Colorado Supreme Court.

II.   ANALYSIS

    A.   Plaintiffs' Motion for Reconsideration or to Alter or Amend Court's July 1, 2015 Order

Plaintiffs argue that I erred in denying their motion for class certification, and assert that not reconsidering that ruling would be manifest error as the ruling is in derogation of the United States Supreme Court's decision in *Shady Grove Orthopedic Assoc's, P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) and the Eleventh Circuit's decision in *Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331 (11th Cir. July 10, 2015). I construe my July 1, 2015 Order as an interlocutory order which "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003). Indeed, "'every order short of a final decree is subject to reopening at the discretion of the district judge.'" *Elephant Butte Ir. Dist. of New Mexico v. U.S. Dep't of Interior*, 538 F.3d 1299, 1306 (10th Cir. 2008) (quotation omitted); *see also Been v. O.K. Industries, Inc.*, 459 F.3d 1217, 1225 (10th Cir. 2007) ("district courts generally remain free to consider their earlier interlocutory orders").

In deciding a motion to reconsider an interlocutory order, the court is not bound by the stricter standards for considering a Rule 59(e) or 60(b) motion. *Trujillo v. Bd. of Educ. of Albuquerque Pub. Sch.*, 212 F. App'x 760, 765 (10th Cir. 2007). Instead, a court has "plenary power to revisit and amend interlocutory orders as justice requires." *Spring Creek Exploration & Prod. Co. v. Hess Bakken*, No. 14-cv-00134-PAB-KMT, 2015 WL 3542699, at *2 (D. Colo. June 5, 2015). However, "in order to avoid the

inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders." *Spring Creek*, 2015 WL 3542699, at *2 (citing cases). "Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error." *Id.*; *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.")

I first address Defendants' contention that I should not consider Plaintiffs' argument as it was raised for the first time in the motion for reconsideration. While I have discretion to not consider the issue, *see Lincoln Gen. Ins. Co. v. Smith*, 416 F. App'x 795, 802, I believe it should be considered on the merits in the interest of justice. Notably, the *Lisk* decision that Plaintiffs rely on, which addressed *Shady Grove* in the context of a statute similar to the CCPA, was not decided until after issuance of the Order of July 1, 2015. Moreover, I considered the statutory bar of class actions raised in Defendants' prior motion for reconsideration which had not been properly developed in its initial briefing.[1]

---

[1] While Plaintiffs argue that Defendants had not raised this issue before they did so in their motion for reconsideration, this is not accurate. As noted in my July 1, 2015 Order (ECF No. 222, at 5), it was raised briefly in Defendants' Memorandum in Opposition to Revised Motion to Certify Class Certification.

I now turn to the *Shady Grove* decision that is at the heart of Plaintiffs' motion for reconsideration. In that case, the district court had dismissed a class action seeking statutory interest under a New York statute that precluded class actions to recover a penalty. The Second Circuit affirmed. In a split decision, the Supreme Court found that since the New York statute limited "a plaintiff's power to maintain a class action", it conflicted with the provisions of Fed. R. Civ. P. 23 which "creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action." *Shady Grove*, 559 U.S. at 397-400. Because the two could not be reconciled, the plurality opinion looked at whether the federal rule regulated procedure, noting that it if it did so, it would be "valid in all jurisdictions, with respect to all claims, regardless of its incidental effect upon state-created rights." *Id.* at 410. It found that Fed. R. Civ. P. 23 regulated procedure and governed the issue, and thus reversed the Second Circuit's decision. *Id.* at 409-10. The plurality opinion was authored by Justice Scalia and joined in by Justices Roberts, Thomas and Sotomayor. Justice Stevens issued a concurring opinion. Justices Ginsburg, Kennedy, Breyer, and Alito dissented. Thus, the opinion was split 4-1-4.

In *Lisk*, the Eleventh Circuit addressed *Shady Grove*'s applicability in the context of an Alabama statute that, like the CCPA, precluded class actions for consumer claims under the Alabama Deceptive Trade Practices Act ("ADTPA"). The district court had dismissed the class action under the ADTPA. *Lisk*, 792 F.3d at 1333. The Eleventh Circuit acknowledged that if the case were pending in an Alabama state court, the statute would preclude a class action. However, since the case was in federal court, it

had to determine whether Fed. R. Civ. P. 23 applied or whether it was "displaced by the contrary provision of the ADTPA". *Id.* at 1334. The Eleventh Circuit found that the *Shady Grove* decision governed, and that it "compels the same result here." *Id.* However, it stated there was "room for debate only because of the Court's split of 4-1-4. *Id.* at 1335. It found that even though the plurality opinion was joined by only four justices, Justice Stevens joined with the portion of the opinion that found under the federal Rules Enabling Act, "a state statute precluding class actions for specific kinds of claims conflicts with Rule 23 and so is displaced for claims in federal court so long as applying Rule 23 does not abridge, enlarge, or modify any substantive right." *Id.* (internal quotation marks omitted). The five justices further found "that applying Rule 23 to allow a class action for a statutory penalty created by New York law did not abridge, enlarge, or modify a substantive right; Rule 23 controlled." *Id.* The *Lisk* court stated:

> There is no relevant, meaningful distinction between a statutorily created penalty of the kind at issue in *Shady Grove,* on the one hand, and a statutorily created claim for deceptive practices of the kind at issue here, on the other hand. Each is a creature of state law. For each, state law allows an injured person to seek redress in an individual action but precludes the person from maintaining a class action. The state's purpose in precluding class actions, while perhaps not completely clear, is essentially the same—to allow individual redress but to prelude class recoveries that, in the legislature's view, may go too far.

*Id.* at 1335-36. Thus, the *Lisk* court held that the Alabama statute restricting class actions, like the New York statute at issue in *Shady Grove*, did not apply in federal court. Rule 23 of the Federal Rules of Civil Procedure applied. *Id.* at 1336.

Plaintiffs assert that the Tenth Circuit may ultimately need to reach the same result the Eleventh Circuit was required to reach in *Lisk*, and that reconsideration of the

-6-

July 1, 2015 Order is necessary to prevent the manifest injustice of denying over 130,000 consumers the ability to obtain relief under the CCPA. Moreover, Plaintiffs contend that district courts around the United States, applying *Shady Grove*, have reached a similar conclusion. *See, e.g., Moreira v. Sherwood Landscaping Inc.*, No. CV 13-2640 (AKT), 2015 WL 1527731, at *6 (E.D.N.Y. Mar. 31, 2015) (claims under New York state law appropriate for class certification despite express ban on class actions seeking liquidated damages under New York law); *Landsman & Funk, P.C. v. Skinder-Strauss Associates*, No. CIV.A. 08-3610 KSH, 2012 WL 6622120, at *7 (D.N.J. Dec. 19, 2012) (finding that class action could proceed under Telephone Consumer Protection Act ["TCPA"] under *Shady Grove* and *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740 (2012), despite fact that New York law barred class actions seeking statutory penalties) (collecting cases); *see also Jackson's Five Star Catering, Inc. v. Beason*, No. 10–10010, 2012 WL 3205526, at *4 (E.D. Mich. July 26, 2012) (rejecting defendant's argument that Michigan's limitation on statutory class actions barred TCPA action from proceeding on a class-wide basis under *Mims*, but not addressing *Shady Grove*). I additionally note a recent district court opinion that I found relying on *Shady Grove* and *Lisk* that which held that Fed. R. Civ. P. 23 trumped the state law prohibitions on class actions under the Alabama, Tennessee and South Carolina consumer protection statutes. *Suchanek v. Sturm Foods, Inc.*, No. 11-CV-565-NJR-PMF, 2015 WL 6689359, at *20-21 (S.D. Ill. Nov. 3, 2015).

     Turning to my analysis, while Plaintiffs assert in their motion that the Tenth Circuit has not yet had occasion to address the implications of *Shady Grove*, this is not

accurate. The Tenth Circuit has addressed *Shady Grove* and, critically, has held that Justice Stevens' concurrence is the "controlling opinion" in the Tenth Circuit. *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1217 (10th Cir. 2011) (emphasis added) (citing *Garman v. Campbell Cnty. Sch. Dist.*, 630 F.3d 977, 983 & n.6 (10th Cir. 2010)).[2] As noted by the Tenth Circuit, Justice Stevens "concurred in the judgment that Rule 23 applied but relied on narrower grounds than the plurality, agreeing with the dissent that there are some state procedural rules that federal courts must apply in diversity cases because they function as a part of the State's definition of substantive rights and remedies." *Id.* (internal quotation marks omitted).

More specifically, Justice Stevens determined that "federal rules cannot displace a State's definition of its own rights or remedies." *Shady Grove*, 130 S.Ct. at 1449. Under Justice Stevens' narrower approach, whether a state law displaces a federal rule "turns on whether the state law actually is part of a State's framework of substantive rights or remedies," *id.* at 1449, which requires a court to carefully interpret the state and federal provisions at issue, *id.* at 1450. If a seemingly procedural state law is "so bound up with the state-created right or remedy that it defines the scope of that substantive right or remedy", the federal law must give way to the state law. *Id.* at 420. "Such laws, for example, may be seemingly procedural rules that make it significantly more difficult to bring or to prove a claim, thus serving to limit the scope of that claim." *Id.* Thus, Justice

---

[2] *Garman* looked to Justice Stevens' concurrence for guidance, noting that Justice Stevens concurred in the result "but analyzed the question on narrower grounds than those relied on by the plurality." 630 F.3d at 983 and n. 6. The *Garman* court noted that "'[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds.'" *Id.* at 983 n. 6 (quotation omitted).

Stevens held that, under the Rules Enabling Act, "[a] federal rule ... cannot govern a particular case in which the rule would displace a state law that is procedural in the ordinary use of the term but is so intertwined with a state right or remedy that it functions to define the scope of the state-created right. *Id.* at 423. In such a case the federal rule would run afoul of the Rules Enabling Act, which provides that the federal rules must not "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2072(b).

Defendants point out that courts applying Justice Stevens' *Shady Grove* analysis in the context of state consumer protection statutes have held that Rule 23 does not displace specific restrictions on class actions contained in those statutes. As one court recently explained, "[m]ost courts that have evaluated state consumer-protection laws . . . have determined that Rule 23 cannot be applied to otherwise prohibited class actions, because the class-action prohibition defines the scope of the state-created right, namely the right to bring a lawsuit for violations of the state's consumer-protection law." *In re Target Corp. Data Sec. Breach Litig.*, 66 F. Supp. 3d 1154, 1165 (D. Minn. 2014). Thus, the state statute is substantive and is not trumped by Fed. R. Civ. P. 23. *Id.* (enforcing prohibition on class actions under state consumer laws of Georgia, Kentucky, Louisiana, Mississippi, Montana, South Carolina, and Tennessee); *see also In re Trilegiant Corp.*, 11 F. Supp. 3d 82, 116-19 (D. Conn. 2014) (finding that restriction in Connecticut Unfair Trade Practices Act which allowed a class action only when a Connecticut resident is a named plaintiff was substantive in nature, and was not trumped by Fed. R. Civ. P. 23, and noting that other courts have determined that similar statues were substantive).

Indeed, where the statutory cause of action itself contains a specific restriction on class actions, many federal courts have enforced the restriction under Justice Stevens' approach. As one court explained in rejecting the same *Shady Grove* argument Plaintiffs make here, where the restriction is "ingrained in the very text of the [state cause of action] and Consumer Protection Code," it is "not trumped" by Rule 23. *Stalvey v. Am. Bank Holdings, Inc.*, No. 4:13-cv-714, 2013 WL 6019320, at *4 (D.S.C. 2013). Other courts following Justice Stevens' concurrence have reached the same conclusion. *See, e.g.*, *Phillips v. Philip Morris Cos.*, 290 F.R.D. 476, 481-82 (N.D. Ohio 2013); *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 416 (S.D.N.Y. 2011); *Bearden v. Honeywell Intern. Inc.*, 2010 WL 3239285, *10 (M.D. Tenn. 2010).

Also, as noted in the *Phillips* case, Justice Stevens in *Shady Grove* "underscored the fact that the New York statute applied to all class claims brought in New York courts, including those based on federal law or the laws of other States." 290 F.R.D. at 481. "Because the state law painted with such broad and even strokes, Stevens found that '[i]t was hard to see how [the New York statute] could be understood as a rule that, although procedural in form, serves the function of defining New York's rights or remdies." *Id*. (quoting *Shady Grove*, 130 S.Ct. at 1457). Thus, "[f]ollowing *Shady Grove*, courts have looked to whether the state law in question applies to all claims, or whether its reach is limited to certain claims, as an indication of whether it substantially impacts state substantive rights." *Id*. Here, the class action restriction is limited to CCPA actions for monetary damages. As in *Phillips*, this "suggests that it was not merely intended by the state legislature to function as a procedural rule to govern class actions." *Id*.

I find these cases persuasive and adopt their analysis herein. Accordingly, I find under Justice Stevens' analysis that the class action restriction in the CCPA is substantive, not procedural, as the restriction on class actions in the CCPA is part of the State of Colorado's framework of substantive rights or remedies. Accordingly, the state statute controls rather than Fed. R. Civ. P. 23, and the class action restriction is enforceable.[3] Plaintiffs' motion for reconsideration is thus denied.

However, I acknowledge that cases have ruled on both sides of this issue, that *Lisk* supports Plaintiffs' contrary position, and that there is no definitive guidance on this issue from the Tenth Circuit or the Colorado Supreme Court. Accordingly, in the opinion of the Court and pursuant to 28 U.S.C. § 1292(b), this Order involves a controlling question of law as to which there is substantial ground for difference of opinion. I also find that an immediate appeal from the order may materially advance the ultimate termination of the litigation for the reasons set forth in the next section.

    B.    <u>Plaintiff's Motions for Amendment of the July 1, 2015 Order to Allow an Interlocutory Appeal and/or for Certification of a Question to the Colorado Supreme Court</u>

Plaintiffs also ask that I amend the July 1, 2015 Order to allow an interlocutory appeal thereof. As recognized in the previous section, pursuant to 28 U.S.C. § 1292(b) a district court judge may certify an interlocutory order for a discretionary appeal if the judge is of the opinion that the order involves a controlling question of law as to which

---

[3] I also note that on the same day as this Court's July 1 decision, another federal court held that the CCPA does not authorize damages in class actions and rejected the same *Shady Grove* argument Plaintiffs make here. *Simmons v. Author Solutions, LLC,* No. 13cv2801(DLC), 2015 WL 4002243, at *5-6 & n.10 (S.D.N.Y. July 1, 2015). It found that *Shady Grove* "explicitly does not apply here", as it did not decide whether a state law that limits the remedies available in an existing class action would conflict with Rule 23." *Id.* While I do not necessarily adopt this holding, it does provide further support for my ruling.

there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation. If the original order does not include a statement allowing for such an appeal under § 1292(b), the trial court has the authority to amend that order to include such a statement. *Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962).

Having carefully considered the issue, I find that Plaintiffs' Motion for Amendment of the July 1, 2015 Order to Allow an Interlocutory Appeal should be granted. In my opinion, the July 1, 2015 Order involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Specifically, the Order involves a controlling question of law on which neither the Tenth Circuit nor the Colorado Supreme Court has yet provided guidance. Neither court has addressed whether it is proper to interpret Colo. Rev. Stat. § 6-1-113(2) to bar class claims and preclude persons from proceeding on behalf of other similarly situated victims for systemic violations of the Act. Moreover, I find there is a substantial ground for difference of opinion regarding this issue. Even though Colo. Rev. Stat. § 6-1-113(2) appears to plainly bar class actions for monetary damages, Colorado appellate court decisions have both permitted and denied motions for class certification and class notice under the CCPA without referencing or enforcing the statutory restriction. *See, e.g., Garcia v. Medved Chevrolet, Inc.*, 263 P.3d 92 (Colo. 2011); *Briggs v. Amer. Nat. Prop. and Cas. Co.,* 209 P.3d 1181 (Colo. App. 2009); *Farmers Ins. Exch. v. Benzing*, 206 P.3d 812 (Colo. 2009); *Labarenz v. Am. Mut. Ins. Co.,* 181 P.3d 328, 337 (Colo. App.

2007); *Mangone v. U-Haul Int'l, Inc.*, 7 P.3d 189 (Colo. App. 1999); *Robinson v. Lymar Racquet Club*, 851 P.2d 274, 278 (Colo. App. 1993).[4]

I also find that an immediate appeal from the July 1, 2015 Order and the determination of whether or not Plaintiff's claims under the CCPA are statutorily barred may immediately advance the ultimate termination of the litigation. If the class claims are found to be barred on appeal, the individual Plaintiffs may choose to foregoing their claims which total less than a couple thousand dollars total. Indeed, the vast majority of class members may be foreclosed from filing individual actions because the costs of doing so vastly exceed their potential recoveries. This is particularly true given that anyone proceeding on individual claims would likely incur significant attorneys' fees and costs during the remaining portion of the discovery process and through trial prosecuting these claims. Moreover, if the absent class members whose claims have now been stricken from the operative complaint have to wait until after final disposition of this litigation to try to pursue their claims, their claims may be time-barred under *Am. Pipe and Construction Co. v. Utah*, 414 U.S. 538 (1974).

Discovery as to the individual claims may also be a time intensive, protracted and expensive process, which will be entirely unnecessary if the Tenth Circuit makes a determination in Plaintiffs' favor as to the scope of the ability to proceed on a class-wide basis under the CCPA. Avoiding the burden and expense of continuing litigation when

---

[4] Similarly, courts in this District have allowed putative class claims for damages under the CCPA to move forward. *Scott v. Honeywell Int'l Inc.*, No. 14-cv-00157-PAB-MJW, 2015 WL 1517527, *12 (D. Colo. March 30, 2015); *Seabron v. Amer. Family Mut. Ins. Co.*, No. 11-cv-01096-WJM-KMT, 2012 WL 1520156, *3-4 (D. Colo. April 20, 2012).

-13-

an appropriately interim appealable issue exists is a factor that weighs in favor of certifying an order for interlocutory appeal. *See Burchett v. Bardahl Oil Co.*, 470 F.2d 793, 796 (10th Cir. 1972) (granting permission to appeal pursuant to the provisions of 28 U.S.C. § 1291(b) is appropriate where "an interlocutory appeal might avoid protracted and expensive litigation.")

In light of my rulings that provide the right for Plaintiffs to an interlocutory appeal, I deny Plaintiffs' Motion for Certification of a Question of Law to the Colorado Supreme Court.

III. CONCLUSION

Based on the foregoing, it is

ORDERED that Plaintiffs' Motion for Reconsideration or to Alter or Amend Court's July 1, 2015 Order Vacating Prior Class Certification Order and on a Motion for Judgment on the Pleadings (ECF No. 224) is **DENIED.**  It is

FURTHER ORDERED that Plaintiffs' Motion to Amend July 1, 2015 Order to Permit Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 2912(b) (ECF No. 225) is **GRANTED.**  Finally, it is

ORDERED that Plaintiffs' Motion for Certification of a Question of Law to the Colorado Supreme Court (ECF No. 226) is **DENIED**.

Dated:  December 10, 2015

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge