**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**February 5, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

---

| | |
|---|---|
| DR. ALLEN FRIEDMAN; MICHAEL J. NELLIS; PAUL R. PEAVEY; WENDY REPOVICH, individually and on behalf of all others similarly situated, | |
| Petitioners, | |
| v. | Nos. 15-708 & 15-709 (D.C. No. 1:12-CV-02432-WYD-KMT) (D. Colo.) |
| DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., d/b/a Dollar Rent A Car; DOLLAR RENT A CAR, INC.; DTG OPERATIONS, INC., d/b/a Dollar Rent A Car, | |
| Respondents. | |

---

## ORDER

---

Before **TYMKOVICH**, Chief Judge, **BRISCOE**, and **McHUGH**, Circuit Judges.

---

These matters are before the court on "Plaintiffs-Petitioners' Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b)" (No. 15-708) and on "Petition of Plaintiffs-Petitioners for Leave to Appeal Pursuant to Fed. R. Civ. P. 23(f)" (No. 15-709).

We grant the motions for leave to file reply briefs in the petitions and deem the reply briefs attached to the motions filed as of the dates they were received.

Upon a careful review of the materials filed with this court and the applicable law, we deny both petitions.

The decision whether to grant the § 1292(b) petition is purely discretionary. See 28 U.S.C. § 1292(b); <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 475 (1978) (noting that "[t]he appellate court may deny the [petition for permission to] appeal [pursuant to § 1292(b)] for any reason"). The decision whether to grant the 23(f) petition is also purely discretionary. <u>See</u> Fed. R. Civ. P. 23(f) (providing that "[a] court of appeals may permit an appeal from an order granting or denying class certification"); <u>Vallario v. Vandehey</u>, 554 F.3d 1259, 1262 (10th Cir. 2009) (noting that the discretion in the Rule 23(f) context is "'unfettered' and 'akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari'") (quoting Fed. R. Civ. P. 23(f) advisory committee's note).

Petitioners' § 1292(b) petition asserts that the district court's decisions present a controlling question of law for which there is a substantial ground for difference of opinion, while Petitioners' Rule 23(f) petition asserts that the same district court decisions are manifestly erroneous. These assertions are irreconcilable. Petitioners have not established that the district court decisions present a manifest error situation, or either of the other <u>Vallario</u> situations, "death knell" or an unresolved issue of law relating to class actions that is likely to evade end-of-case review. See <u>Vallario</u>, 554 F.3d at 1263-64 (describing the three situations and providing the following description of a manifest error situation: "where the deficiencies of a certification order are both significant and readily ascertainable"). Petitioners have also not met their burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment. <u>Coopers & Lybrand</u>, 437 U.S. at

475 ("[E]ven if a district judge certifies [an] order under § 1292(b), the appellant still has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.") (internal quotation marks omitted). Accordingly, both petitions for permission to appeal are denied.

        Entered for the Court
        ELISABETH A. SHUMAKER, Clerk

        by: Lindy Lucero Schaible
           Counsel to the Clerk