IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  12-cv-02432-WYD-KMT

DR. ALLEN FRIEDMAN,
MICHAEL J. NELLIS, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., d/b/a DOLLAR RENT A CAR;
DOLLAR RENT A CAR, INC.; and
DTG OPERATIONS, INC. d/b/a/ DOLLAR RENT A CAR,

    Defendants.

# ORDER

THIS MATTER is before the Court on Plaintiff's Renewed Motion for Certification of a Question of Law to the Colorado Supreme Court filed March 3, 2016.  Plaintiff renews its previous motion asking the Court, pursuant to Colo. App. R. 21.1, to certify the following question of law to the Colorado Supreme Court:

> Can the language of Colo. Rev. Stat. § 6-1-113(2) be interpreted to bar bringing, maintaining or certifying claims for relief brought on behalf of similarly situated putative class members for violations of the "prohibited acts" provisions of the Colorado Consumer Protection Act ("CCPA" or the "Act"), such that persons who bring claims for violations of that Act can only seek relief on behalf of themselves?

(Pl.'s Mot. at 1-2.)  A response was filed by Defendants on March 24, 2016.

I find that Plaintiffs' motion should be denied.  First, I already allowed Plaintiffs to seek an interlocutory appeal on the issue of whether Colo. Rev. Stat. § 6-1-113(2) bars class claims for monetary damages.  (*See* Orders of December 10, 2015, ECF Nos. 246

and 247.)  In so ruling, I denied Plaintiffs' alternative motion asking that I certify the question to the Colorado Supreme Court.  (*Id.*)  I find that allowing Plaintiffs at this juncture to certify a question to the Colorado Supreme Court, more than nine months after my denial of class certification on July 1, 2015, and at this late stage of the litigation, would unreasonably delay the case and cause unnecessary burden and expense.  *See Pueblo Country Club v. Axa Corp. Solutions Ins. Co.*, No. 05-cv-01296-WYD-MJW, 2007 WL 1576348, at *3 (D. Colo. 2007).

As I observed nine months ago, "[t]his case has been pending since 2012 and needs to move forward."  (ECF No. 228 at 1.)  Despite that admonition, this case has not advanced in any material way.  Instead, since I denied class certification in July 2015, over nine months ago, Plaintiffs have filed seven motions and petitions attacking that order: (1) a motion to stay enforcement of the order; (2) a motion to reconsider the order; (3) a motion to certify the order for interlocutory review; (4) a motion to certify a question to the Colorado Supreme Court; (5) a petition pursuant to 28 U.S.C. § 1292(b) in the Tenth Circuit, which also requested certification to the Colorado Supreme Court; (6) a petition pursuant to Fed. R. Civ. P. 23(f) in the Tenth Circuit, which also requested such certification; and now (7) the renewed motion to certify a question to the Colorado Supreme Court.

I find that the denial of Plaintiffs' renewed motion is particularly appropriate in light of the fact that Plaintiffs did not seek certification to the Colorado Supreme Court until after Plaintiffs received an unfavorable ruling from me.  Federal courts have

rejected motions for state law certification in this situation. *See Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988); *Pueblo Country Club*, 2007 WL 1576348, at *3.

Moreover, the Tenth Circuit has held that state-law certification is appropriate only where the state law question "may be determinative of the case at hand." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1235 (10th Cir. 2012). The "generally accepted" understanding of "determinative" in this context "is that one answer the responding court gives will terminate the case, while another will not." *Moore v. United States*, 864 F. Supp. 163, 165 n.3 (D. Colo. 1994) (internal quotations omitted).

Here, I agree with Defendants that the issue of whether class certification is barred under the CCPA when monetary damages are sought does not appear to be "determinative" in this case because this issue was only one of several significant questions that were decided in connection with class certification. Thus, in an earlier order on class certification (January 27, 2015 Order, ECF No. 160), I rejected certification for all of Plaintiffs' Florida claims—which represented over 95% of the transactions at issue—on multiple Rule 23 grounds. If this case is ultimately reviewed in the Tenth Circuit, the affirmance or reversal of that order will have an enormous impact on this case and will not affect the issue of class certification under the CCPA. Granting certification now would merely delay the final resolution of the other 95% of claims at issue in Plaintiffs' original suit. Also, Defendants assert that they will contend in any appeal that the analysis in the January 27, 2015 Order supported the rejection of class certification in full, including with respect to the CCPA claims, on grounds of commonality, predominance, and ascertainability, among others. The Tenth Circuit

could affirm the rejection of class certification in this case in full without reaching the question of class certification under the CCPA.

Finally, the Tenth Circuit has noted that certification to the Colorado Supreme Court should be the exception, not the rule.  *See Armijo*, 83 F.2d at 407 ("Certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law."). "[F]ederal courts have the duty to decide questions of state law even if difficult or uncertain." *Copier v. Smith & Wesson Corp.*, 138 F.3d 833, 838 (10th Cir. 1998).  Here,  Plaintiffs chose to invoke this Court's diversity jurisdiction and asked the Court to adjudicate the Colorado state law claims.  The ruling at issue in connection with class certification under the CCPA claim was made over nine months ago, and it is time to proceed to the merits of the case.

Based on the foregoing, it is

ORDERED that Plaintiff's Renewed Motion for Certification of a Question of Law to the Colorado Supreme Court (ECF No. 261) is **DENIED**.

Dated:  April 13, 2016

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge